09-1045-cr(L), 09-3118-cr(Con)
USA v. Siembida (Price)

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 22nd day of April, two thousand ten.

Present:
> PIERRE N. LEVAL,
> ROBERT A. KATZMANN,
> BARRINGTON D. PARKER,
> *Circuit Judges.*

---

UNITED STATES OF AMERICA,

> *Appellee*,

> v.                                                     Nos. 09-1045-cr(L), 09-3118-cr(Con)

WAYNE PRICE, GEORGE SIEMBIDA,

> *Defendants-Appellants.*

---

| | |
|---|---|
| For Defendant-Appellant Wayne Price: | LARRY H. KRANTZ, Krantz & Berman, New York, NY |
| For Defendant-Appellant George Siembida: | SETH C. FARBER (James P. Smith III, Jeffrey J. Amato, Matthew L. DiRisio, *of counsel*), Dewey & LeBoeuf LLP, New York, NY |

For Appellee: ARIANNA R. BERG, Assistant United States Attorney (Katherine Polk Failla, Assistant United States Attorney, *of counsel*), *for* Preet Bharara, United States Attorney, Southern District of New York, New York, NY

Appeal from the United States District Court for the Southern District of New York (Castel, *J.*).

**ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgments of the district court are **AFFIRMED**.

Defendants-Appellants Wayne Price and George Siembida appeal from judgments of the United States District Court for the Southern District of New York (Castel, *J.*), entered April 8, 2009 and July 15, 2009, respectively, convicting them both of conspiracy to commit wire fraud and of one count of substantive wire fraud. We assume the parties' familiarity with the facts, procedural history, and specification of issues on appeal.

Both defendants challenge the sufficiency of the evidence on Count Two of the indictment. Neither defendant, however, has met the "heavy burden" of succeeding on such a challenge. *See United States v. Yannotti*, 541 F.3d 112, 120 (2d Cir. 2008). In light of the stipulation indicating that an e-mail sent on August 20, 2004 from Siembida's account traveled via Pennsylvania, and in the absence of any evidence that Siembida altered his e-mail account settings between August 17, 2004 and August 20, 2004, a rational jury could conclude beyond a reasonable doubt that the e-mail sent on August 17, 2004 on which Count Two was based traveled in interstate commerce. Price argues that the evidence cannot support his conviction on Count Two because there is no evidence that the e-mail was a part of, or in furtherance of, the

conspiracy between himself and Siembida or that he could have reasonably foreseen that the e-mail would be sent. This argument also fails. The government proved a continuing conspiracy between Siembida and Price under which one or the other would conduct negotiations with a victim-customer, offering to sell the victim a bogus Allianz surety bond. When transactions initiated by Siembida advanced to the point of issuance of the bogus bond, Siembida would arrange to have the victim pay the premium to Price, because Siembida had no legal authority to receive insurance premiums. Notwithstanding that Siembida's negotiations on the Count Two transaction never reached the point at which the victim would make a premium payment to Price in the customary manner, the evidence was such that a jury could reasonably conclude that Siembida's negotiation with Agent Keeley was a preliminary step in a transaction that would eventually have involved Price had it advanced to fruition and that the e-mail to Keeley was therefore in furtherance of the already existing conspiracy with Price. Although Price had no knowledge of this particular e-mail, it was foreseeable to Price that his conspiracy with Siembida might involve such e-mails. *See United States v. Zichettello*, 208 F.3d 72, 105 (2d Cir. 2000); *United States v. Bortnovsky*, 879 F.2d 30, 36-37 (2d Cir. 1989). Price's additional argument that Siembida was attempting to steer Agent Keeley toward a legitimate financial instrument fails in light of the fact that a fraudulent sample Allianz bond was attached to the August 17 e-mail.

We need not pause long over Siembida's argument that interpreting the wire fraud statute as applying to defendants who did not intend for their communications to travel in interstate commerce would give it a wider sweep than is permissible given the limits of Congress's power under the Commerce Clause. We have previously held that the interstate requirement of the statute is jurisdictional and that "there is no *mens rea* requirement as to the purely jurisdictional

element of interstate communication under the wire fraud statute." *United States v. Blackmon*, 839 F.2d 900, 907 (2d Cir. 1988). To the extent that Siembida is arguing that we must reconsider this holding under *United States v. Lopez*, 514 U.S. 549 (1995), or *United States v. Morrison*, 529 U.S. 598 (2000), he points to no language in either case that indicates that we should read a constitutional *mens rea* requirement into the wire fraud statute. Rather, Congress is permitted "to regulate and protect the instrumentalities of interstate commerce . . . even though the threat may come only from intrastate activities." *Lopez*, 514 U.S. at 558.

Both defendants argue that the district court abused its discretion in admitting evidence of their past criminal convictions under Federal Rule of Evidence 404(b). Assuming *arguendo* that the district court did abuse its discretion in this regard, however, any error was harmless in light of the overwhelming evidence indicating that both defendants knew, or consciously avoided learning, that the Allianz Indonesia bonds were fraudulent, when their knowledge was the sole contested issue at trial. For example, Price continued peddling the bonds even after he and his attorney received no fewer than three letters from counsel for a U.S. subsidiary of Allianz advising him that the bonds were fake. Siembida, for his part, stated in a post-arrest interview that he continued to take fees in exchange for providing Allianz Indonesia bonds "knowing that no loan had funded using these bonds and that they could not be verified." J.A. 1149.

Nor did the district court abuse its discretion in precluding Siembida from cross-examining witness Peter Tsou about a civil complaint filed against him in 2003. While the Due Process Clause of the Fifth Amendment and the Compulsory Process and Confrontation Clauses of the Sixth Amendment guarantee every defendant the right to present a meaningful defense, which includes cross-examining witnesses, *United States v. Stewart*, 433 F.3d 273, 310 (2d Cir. 2006),

4

these rights do not trump the trial court's discretion to place proper restrictions on the introduction of evidence, *id.* at 311. In light of the fact that the civil case against Tsou settled without any finding by a court that he had committed wrongdoing, the district court did not abuse its discretion in concluding that cross-examination on this point risked unduly prejudicing and confusing the jury. Moreover, to the extent that evidence of the 2003 civil action might have been probative of Tsou's untruthfulness, it was cumulative in light of the fact that Siembida was permitted to cross-examine Tsou regarding his prior conviction for passing a bad check.

Given that defendants conceded that the Allianz bonds were fraudulent and contested only their knowledge of the bonds' falsity, and given that the evidence showed that they received numerous indications from clients and from Allianz-related entities that the bonds were fake, Siembida's argument that the district court erred in giving a conscious avoidance instruction to the jury is entirely without merit. *See United States v. Aina-Marshall*, 336 F.3d 167, 170 (2d Cir. 2003) (stating that a conscious avoidance instruction is proper "(i) when a defendant asserts the lack of some specific aspect of knowledge required for conviction, and (ii) the appropriate factual predicate for the charge exists, *i.e.*, the evidence is such that a rational juror may reach the conclusion beyond a reasonable doubt that the defendant was aware of a high probability of the fact in dispute and consciously avoided confirming that fact" (internal citation and quotation marks omitted)).

We have considered the defendants' other arguments and find them to be without merit. For the foregoing reasons, we **AFFIRM** the judgments of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

5